UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 06-40007-FDS |
| CARMELO FIGUEROA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE

**SAYLOR, J.**

Defendant Carmelo Figueroa pleaded guilty in August 2006 to various drug charges and was sentenced to a term of imprisonment. He now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine. For the reasons stated below, the motion will be denied.

**I.   Background**

On August 4, 2006, defendant pleaded guilty to a three-count indictment charging him with conspiracy to distribute, and to possess with intent to distribute, cocaine base, in violation of 21 U.S.C. § 846; distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On May 1, 2007, this Court conducted a sentencing hearing. The Court determined that defendant was a career offender within the meaning of § 4B1.1 of the sentencing guidelines, and that the resulting sentence range was 262 to 327 months. The offense level based on drug

quantity under the crack cocaine guidelines would have been 31, but the career offender guideline raised it to 34. Notwithstanding the relative absence of mitigating factors, the Court imposed a non-guideline sentence of 228 months based on the fact he had only two qualifying convictions, one of which was continued without a finding, and that he was relatively less culpable than most persons in the "career offender" category. That sentence represented a substantial departure from the guideline range of 34 months, or nearly three years.

Defendant has moved to modify his sentence pursuant to 18 U.S.C. §3582(c)(2) in accordance with the retroactive amended sentencing guidelines for crack cocaine. U.S.S.G. App. C, Amendment 706.

**II.     Analysis**

It is highly doubtful whether defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The starting point for defendant's sentence was not the crack cocaine guideline, U.S.S.G. § 2D1.1, which has been amended, but the career offender guideline, U.S.S.G. § 4B1.1. The career offender guideline was based on the offense statutory maximum, not on the underlying offense. *See* U.S.S.G. § 4B1.1(b). Accordingly, defendant's Base Offense Level (34 with acceptance of responsibility), his Criminal History Category (VI) and thus his Guidelines sentencing range (262-327 months) remain the same notwithstanding the reduction in the crack cocaine guideline. *See United States v. Caraballo*, 552 F.3d 6 (1st Cir. 2008); *United States v. Ayala-Pizarro*, 551 F.3d 84 (1st Cir. 2008).

In any event, to the extent the Court has the legal power to reduce his sentence, it declines to do so. The sentence was a substantial reduction from the career offender guideline sentence,

and the reasons for the reduction (and the amount of the reduction) were not related to the crack cocaine guideline.  Nothing about the crack cocaine guideline drove the sentence to a higher level, dissuaded the Court from imposing a lesser sentence, or otherwise affected the ultimate decision.

In short, the guideline did not affect the sentence in the first instance, the modification of the guideline likewise would have no effect.  The motion to reduce sentence will therefore be denied.

### III.    Conclusion

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  July 21, 2009