# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                                         |   |                        |
|-----------------------------------------|---|------------------------|
| CARMELO FIGUEROA,                       ) |                        |
|     Petitioner,     ) |                        |
| v.                                      ) | Criminal No.           |
|                                         ) | 06-40007-FDS           |
| UNITED STATES of AMERICA,               ) |                        |
|     Respondent.     ) |                        |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTIONS FOR DISCOVERY

**SAYLOR, J.**

Petitioner Carmelo Figueroa pleaded guilty in August 2006 to various drug charges and was sentenced to a term of imprisonment on May 1, 2007. No appeal was filed. On June 27, 2008, through counsel, Figueroa filed a motion seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine. This Court denied that motion on July 21, 2009. Figueroa appealed the denial of that motion, and the case is currently pending before the Court of Appeals.

On March 8, 2010, Figueroa filed a "Motion to Resubmit a Notice to File Out of Time Direct Appeal," alleging ineffective assistance of counsel. In a Memorandum and Order dated May 24, 2010, this Court denied the motion, explaining that such a claim involved a factual inquiry that should be raised in a collateral proceeding brought pursuant to 28 U.S.C. § 2255. This Court explained that such a § 2255 motion is subject to a one-year statute of limitations, but took no position on whether such a petition would be timely, or whether equitable tolling would

apply.[1]

On June 8, 2010, Figueroa was transferred from federal custody to Massachusetts custody for trial on state narcotics charges, during which time, according to Figueroa, he did not have access to a federal law library. (Pet'r's Mem. in Supp. of Mot. to Vacate at 10). According to Figueroa, he was returned to federal custody on January 19, 2011. (*Id.*). On February 25, 2011, he filed a motion under § 2255 to vacate, set aside, or correct his sentence, alleging, among other things, ineffective assistance of counsel in failing to appeal his conviction. On July 6, 2011, he moved for discovery of any telephone records and recordings of his conversations with attorneys John Benzan and Matthew Smith made between October 2007 and July 2009. On August 18, 2011, he again moved for discovery of any telephone records and recordings of his conversations with attorney John Benzan made between May 2, 2007, and July 2009.

For the following reasons, petitioner's request for discovery of telephone records and recordings of conversations between him and either of his attorneys made between May 2, 2007 and July 2009 will be granted.

## I. Analysis

Unlike a civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, the petitioner must show "good cause" for discovery—that is, he must present specific allegations that give the court "reason to believe that

---

[1] The Court noted that the First Circuit had "yet to decide whether the doctrine of equitable tolling applies to § 2255 petitions." (Memorandum and Order at 3 (quoting *Bearreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008)). The First Circuit has since held that equitable tolling principles do in fact apply to § 2255 motions. *Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011). This Court's analysis thus proceeds under the framework established in *Ramos-Martínez*.

2

the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *Donald v. Spencer*, 2011 WL 3768943, at *1 (1st Cir. Aug. 26, 2011). "[T]he scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909; Rule 6(a) of the Rules Governing Section 2255 cases.

Petitioner requests telephone records and recordings of conversations between him and his attorneys. He alleges that in these conversations he instructed his attorneys to file an appeal, and regularly inquired about the status of his case. As this Court noted in its earlier order, a factual determination that petitioner instructed his attorney to file an appeal could support a finding of ineffective assistance of counsel. (Memorandum and Order at 2 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Final judgment on petitioner's conviction entered on May 15, 2007, and the time to file an appeal expired on May 29, 2007. Petitioner's factual allegations as to what he said to his attorneys during this time could, if fully developed, demonstrate that he is entitled to relief. Thus, he has made a showing of good cause for discovery on the merits of his claim.

Similarly, petitioner has shown good cause that discovery could develop facts sufficient to allow equitable tolling of the one-year limitations period under § 2255. Petitioner bears the burden of establishing the basis for equitable tolling by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing." *Ramos-Martínez v. United States*, 638 F.3d 315, 322-23, 325 (1st Cir. 2011) (citation and internal quotation marks omitted). Additional discovery could develop the factual record as to support such a finding.

Petitioner alleges that he exercised reasonable diligence by speaking with his lawyers on

the telephone and writing to inquire as to the status of his case.  The reasonableness of petitioner's actions depends on the totality of the circumstances, including his ability to speak English, his access to a law library, and the circumstances of his prison transfer.  *See id.* at 324.  However, it is unclear when petitioner became aware that his attorneys were not performing their assigned task, and how he pursued his interests from May 2007 until he filed his § 2255 petition.  "What the petitioner knew and when he knew it are important in assessing his diligence."  *Id.*  In light of these circumstances, discovery of telephone records from May 2007 through July 2009 may provide a factual basis with which to evaluate petitioner's actions.  *See id.* at 323-24 (explaining that the reasonableness determination "necessitates that an inquiring court have a sufficient factual basis to understand what choices the petitioner had and how he made those choices").

Petitioner also alleges that his lack of familiarity with English, the prison transfer, his limited access to a law library, and his attorney's misconduct were "extraordinary circumstances" that affected his ability to file his § 2255 petition in a timely manner.  While each of these factors alone may not be enough to demonstrate "extraordinary circumstances," it is possible that "the whole may be greater than the sum of the parts."  *Id.* at 323, 324.  However, questions remain as to the extent of petitioner's attorneys' alleged misconduct, and, in light of the circumstances and petitioner's other factual allegations, the reasonableness of his reliance on his attorneys' representations.  *See id.* at 323.  Thus, allowing discovery will help develop the factual record to allow for a meaningful evaluation.

Of course, it may be true that after obtaining the telephone records and recordings, petitioner will not be able to show that equitable tolling should apply.  However, petitioner need

not demonstrate that he would succeed on the merits of his claim, only that there is "good cause" for the requested discovery. *See Bracy*, 520 U.S. at 909. Furthermore, petitioner is not requesting a fishing expedition based on speculative theories; rather, he has made specific factual allegations and has requested specific discovery items that he alleges contain those facts. In light of the potential of importance of such limited discovery, allowing it here would serve the ends of justice. *See Donald*, 2011 WL 3768943, at *3. *Cf. Ramos-Martínez*, 638 F.3d 315, 325-26 (1st Cir. 2011) (granting an evidentiary hearing to develop the factual record for equitable tolling determination).

**II.     Conclusion**

For the foregoing reasons, petitioner's motion for discovery of telephone records and recordings of conversations between him and either of his attorneys made between May 2, 2007, and July 2009 is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  October 24, 2011

5