IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA
Respondent,

Cr-No.4000-7-FDS-1

-v-

CARMELO FIGUEROA
Petitioner,

## ADDENDUM

TO COMBINED MOTION FOR A REDUCTION IN TERM OF IMPRISONMENT PURSUANT 18 U.S.C.§3582(c)(2).

COMES NOW Carmelo Figueroa, here-in-after, Petitioner and submits this Addendum to the previously motion for a reduction in term of imprisonment pursuant 18 U.S.C.§3582(c)(2). Submitted and sent by the Petitioner, Pro-Se on October 24, 2011, to the following facts:

    1- AMENDMENT 750--As most of you know and have long been awaiting, the time is drawing near for the filing of 3582(c)(2)Motions for discretionary Application of the Retroactive Guideline Amendment 750.

    2- A. THE FAIR SENTENCING ACT--Last summer, Congress passed the Fair Sentencing Act (FSA). The President signed the FSA into law on August 3, 2010. The FSA changes the Federal Drug Statute 21 U.S.C.§841-that makes most crack offenses (such as possessing with intent to distribute and distributing crack)crimes. The FSA does not change what is a crime, but it does change the penalties for the crimes. It does this by changing the amount of crack needed to trigger the various statutory mandatory minimums and maximums. Congress passed the FSA to reduce the vast and heavily criticized disparity between Crack Cocaine and

powder Cocaine sentences.

3- In the FSA, Congress also directed the Sentencing Commission to amend the federal sentencing guideline regarding crack to make them consistent with the FSA. The Sentencing Commission did this, and then made the amendment retroactive effective November 1, 2011.

4- It is important to remeber that the statute (The FSA), which is passed by Congress, set forth the Statutory mandatory minimum and maximum sentences the courts cannot go below or above. The statutory penalties (statutory mandatory minimum and maximums) are "mandatory". There nat affected by the new Amendment 750. However, there is a bill in Congress, H.R. 2316, Fair Sentencing Clarification Act, introduced by Representative Bobby Scott (D-VA), that would make the changes to crack mandatory minimum retroactive. Congress has not taken any action on this bill at this time.

5- In sum, no crack cocaine offender will receive an increase sentence as a result of the amendment to the Drug quantity table. And, not all crack cocaine offenders sentenced before or after Nov. 1, 2011, will receive a lower sentence as a result of the change. That is there is no guarantee that you will receive a sentence reduction, even if you are eligible for one. That means it is up to the judge to decide if or how much of a redcution to grant.

6- B. CRACK QUANTITITES WHEN SENTENCE IS NOT LOWER UNDER AMENDMENT 750--One reason a defendant sentenced for a crack offense may not get a sentence reduction under amendment 750 is that the base offense level are the same under Amendment 750 and under Amendment 706 (the Guideline in effect from Nov. 1, 2007, through Oct. 31, 2010) for offenses involving the following quantitites of crack cocaine:

-less than 500 miligrams;
-at least 28 grams but less than 35 grams;
-at least 280 grams but less than 500 grams;
-at least 840 grams but less than 1.5 kilograms;
-at least 2.8 kilograms but less than 4.5 kilograms; and
-8.5 kilograms or more.

7- Is that fair? We do not think so, that is what the new guideline provide, and in light of **United States v. Dillon**, 130 S.Ct. 2683 (2010), we can no longer ask the courts to apply **United States v. Booker**, 543 U.S. 220 (2005), in a section 3582(c)(2) proceedings.

powder Cocaine sentences.

3- In the FSA, Congress also directed the Sentencing Commission to amend the federal sentencing guideline regarding crack to make them consistent with the FSA. The Sentencing Commission did this, and then made the amendment retroactive effective November 1, 2011.

4- It is important to remeber that the statute (The FSA),which is passed by Congress, set forth the Statutory mandatory minimum and maximum sentences the courts cannot go below or above. The statutory penalties (statutory mandatory minimum and maximums)are "mandatory". There not affected by the new Amendment 750. However, there is a bill in Congress, H.R. 2316, Fair Sentencing Clarification Act, introduced by Representative Bobby Scott (D-VA), that would make the changes to crack mandatory minimum retroactive. Congress has not taken any action on this bill at this time.

5- In sum, no crack cocaine offender will receive an increase sentence as a result of the amendment to the Drug quantity table. And, not all crack cocaine offenders sentenced before or after Nov. 1, 2011, will receive a lower sentence as a result of the change. That is there is no guarantee that you will receive a sentence reduction, even if you are eligible for one. That means it is up to the judge to decide if or how much of a redcution to grant.

6- B. CRACK QUANTITITES WHEN SENTENCE IS NOT LOWER UNDER AMENDMENT 750--One reason a defendant sentenced for a crack offense may not get a sentence reduction under amendment 750 is that the base offense level are the same under Amendment 750 and under Amendment 706 (the Guideline in effect from Nov. 1, 2007, through Oct. 31, 2010)for offenses involving the following quantitites of crack cocaine:

-less than 500 miligrams;
-at least 28 grams but less than 35 grams;
-at least 280 grams but less than 500 grams;
-at least 840 grams but less than 1.5 kilograms;
-at least 2.8 kilograms but less than 4.5 kilograms; and
-8.5 kilograms or more.

7- Is that fair? We do not think so, that is what the new guideline provide, and in light of **United States v. Dillon**,130 S.Ct. 2683 (2010), we can no longer ask the courts to apply **United States v. Booker**,543 U.S. 220 (2005),in a section 3582(c)(2) proceedings.

8- C. AM I ELIGIBLE FOR A SENTENCE REDUCTION?--The new guideline amendment has new language about eligibility that can be confusing and that has been tested in the courts. Some of the case law from the Amendment 706 cases will apply to the Amendment 750 cases;other case law may not apply. I beleive that everyone sentenced for a crack cocaine offense, one sentenced for another offense under the crack guideline (e.g., 18 U.S.C. 1962/RICO), should have the assistance of counsel who will review your individual case under the language of the new amendment and the applicable case law. Even if the new amendment and case law indicates the defendant is not eligible, the defendant should have counsel who can explore arguments in his favor. Because,your eligibility will be determined based on the facts of your individual case.

9- D. MANDATORY MINIMUM SENTENCES--As stated above, Amendment 750 states that defendant sentenced at the statutory mandatory minimum cannot get a sentence reduction, because the statute trumps the guidelines. In other words, even though your base offnse level may be reduced by Amendment 750, you cannot be sentenced below the statutory mandatory minimum based on an amendment to the guidelines. This means according to the guideline amendment, if you were sentenced to the mandatory minimum under the law before the FSA was enacted, that is the lowest sentence that a court has jurisdiction to sentence you to. For example, if you were sentenced to a mandatory term of 120 months (10-years) and you amended guideline range under Amendment 750 would otherwise be reduced to 87 to 108 months, you are not eligible for relief because 120 months is the lowest sentence the court can impose.

10-This is confusing because Congress has amended the statutory minimums. So shouldn't the FSA's new mandatory minimums be applied in section 3582(c)(2)"retroactive" proceedings in Amendment 750 cases? Congress perhaps deserves the most blame for this misunderstanding because it never specified an express effective date for the reduced mandatory minimum crack sentencing provision in the FSA. However, earlier this month the government have asked the Supreme Court of the United States to take up this issue in **United States v. Holcomb, (7th Cir.)**. Now the government adopts the position that both the text and purpose of the FSA demonstrate Congress's intent that the FSA apply immediately at all initial sentencing proceeding. This issue, which will patentially affect sentences of thousnads of current and future federal defendants is squarely presented in Amendment 750 cases. Thus, we believe there is a legal basis for the argument that because the guidelines are retroactive, the courts should also apply the statute retroactively.

11-E. HOW WILL THE FSA AFFECT CAREER OFFENDERS?--See now, **United States v. McGee,533 F.3d 225, 230 (2nd Cir.2009)**(holding that a defendant who was designated a career offender but was granted

-3-

> a departure from those guideline was eligible for a reduced sentence).

In this decision, the Second Circuit addressed the narrow question of whether a defendant such as appellant Darius McGee, who at sentencing was designated a career offender but granted a departure so that he was ultimately sentenced based on the crack cocaine (cocaine base) guidelines, is eligible <553 F.3d 226>for a reduced sentence pursuant to the so-called crack amendments. As we recently discussed in United States v. Williams,551 F.3d 182, 2009 U.S. App.LEXIS 46, 2009 WL32564, at *2(2nd Cir. 2009), these amendments came about on November 1, 2007, when the United States Sentencing Commission promulgated Amendment 706 which amended the Drug Quantity Table in United States Sentencing Guidelines Section 2D1.1(c). U.S.S.G. Supp. to App.C., amend. 706 (2008). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses. See Id.

McGee contends that he is eligible for this two-level reduction because, at sentencing, the district court, though designating him a career offender, see U.S.S.G.§4B1.1, ultimate based his sentenced on the crack cocaine guidelines after downwardly departing based on a finding that the career offender classification overrepresented his criminal history, see U.S.S.G.§4A1.3(b). Thus, applying the 2001 Sentecing Guidelines, the district court sentenced McGee to 115 months based on a post-departure sentencing ragnge that was calculated as follows: a base offense level of twenty-six (the level corresponding to at least five grams but less than twenty grams of crack cocaine) under U.S.S.G. §2D1.1(c)(7), minus three leves for acceptance of responsibility under U.S.S.G.§3E1.1, resulting in a total offense level of twenty-three and criminal history category of six, and consequently o sentencing

range of ninety-two to 115 months imprisonment. McGee asserts that after applying Amendment 706 as well as the three-level reduction under U.S.S.G.§3E1.1, his total offense level is now twenty-one and his sentencing range seventy-seven to ninety-six months. The district court rejected this argument, Noting that defendants sentenced as career offenders are unaffected by Amendment 706, the district court agreed with the govenment that McGee was ineligible for a reduced sentence because his pre-departure range, i.e., his career offender guideline range and not the crack cocaine guideline range, was the "applicable guideline range" affected by Amendment 706.

We have jurisdiction under 28 U.S.C.§1291, and though recognizing the issue to be a very close one, we hold that McGee is eligible for a reduced sentence, vacte the district court's decision, and remand for reconsideration of McGee's 18 U.S.C.§3582(c)(2)motion for a reduced sentence.

We review the district court's interpretation of the statute and the Guidelines de novo. See Williams, 2009 U.S. App. LEXIS 46, 2009 WL 32564, at *3; United States v. Kerley,544 F.3d 172, 179 (2nd Cir. 2008). It is well established that "[a] district court may not generally modify a term of imprisonment once it has been imposed". Cortorreal v. United States,486 F.3d 742, 744 (2nd Cir. 2007). One of the limited exceptions to this rule exists when the sentencing range under which the defendant was sentenced is subsequently lowered by the Sentencing Commission. Section 3582(c)(2)states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

-5-

been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is <553 F.3d 227>consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C.§3582(c)(2)(emphasis added).

At the outset, we note that we are not presented with the question of whether a defendant who is sentenced as a career offender, but does not receive a downward departure, qualifies for a reduced sentence under the amendments. The consesus is that such a defendant would not. See United States v. Thomas,524 F.3d 889, 890 (8th Cir. 2008)(per curiam); Sharkey,543 F.3d at 1239; Moore,541 F.3d at 1327-28; see also United States v. Liddell543 F.3d 877, 882 n.3 (7th Cir. 2008)(stating same in dicta). Rather, the question we must answer is whether the fact that the district court granted a downward departure under U.S.S.G.§4A1.3 from the career offender guideline range down to the crack guideline range, upon finding that the career offender status overstated defendant's criminal history, renders McGee eligible for the two-level sentence reduction.

From our review of the record, it is apparent that McGee was sentenced "based on" a sentencing guideline range that was subsequently lowered by the Sentencing Commission because the district court premised McGee's ultimate sentence on the crack cocaine guidelines. Indeed, had the amendments been in place at the time of sentencing, it is likely that the district court would have given McGee a sentence within the now reduced guideline of 77 to 96 months. For, in granting the departure, the district court explicitly stated that it was departing from the career offender sentencing range "to the level that the defendant would have been in absent the career offender status calculation and

consideration", thereby accepting the government's contention that the appropriate category for McGee was that into which he "would have falles absent the career offender effect upon his guideline calculation."

The government nevertheless objects to McGee's claim of eligibilty, stating as follows:(1) a court may redcue a sentence pursuant to 18 U.S.C.§3582(c)(2) only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and 92)U.S.S.G.§1B1.10 which is a policy statement, indicates that its reference to the guideline range applicable to the defendant refers to the pre-departure (rather than past-departure) sentencing range, As relevant here, that policy statement provides that a reduction in a defendant's sentence is not authorized where the amendment in question, in this case Amendment 706, "does not have the effect of lowring the defendant's applicable guideline range". Id.§1B1.10(a)(2)(B). To assess whether a reduction is warranted, a district court is intructed to determine the Guidelines range "that would have been applicable to the defendant if the amendment(s) to the Guidelines..... had been in effect at the time the defedant was sentenced", while leaving "all other guideline application decisions unaffected". Id. §1B1.10(b)(1). An after stating the general rule that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C.3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelien range", id.§1B1.(b)(2)(A), the district court is intstructed that the following exception applies:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under

> subdivision (1) of this subsection may be appropriate.<553 F.3d 228>. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant 18 U.S.C. 3553*a) and United States v. Booker,543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d. 621 (2005), a further reduction generally would not be appropriate. Id.§1B1.10(b)(2)(B).

Focusing on the langusge of the exception, the government argues that the policy statement treats the applicable guideline range as the pre-departure range, here the career offender guideline range which, as noted, courts have held is unoffected by Amendment 706. The government's contentions are not without force, but we ultimately conclude, given that the policy statement is subject to different interpretotions and taking account of the case of law as well as the purposes of the crack amendments, that the policy statement would permit a defendant whose post-departure sentence was, as in this case, explicitly based on the crack cocaine guidelines to request a reduced sentence pursuant to Amendment 706 and 18 U.S.C.3582(c)(2).

In our view, the execption in U.S.S.G.§1B1.10(b)(2)(B), understood along with the general rule, can be read as simply instructing that a defendant moy not not receive a departure below the amended guideline range, except that a defendant who received a departure ot sentencing mav receive o comparable departure--the one instance in which a reduced sentence can fall below the amended guideline range. It does not preclude the possibility that a defendant who was, even if by virtue of a departure, sentenced transcript, the district court sentenced McGee based on the case cocaine guidelines and would likely have considered a different sentence from the one imposed if the applicable crack guidelines had so provided, we think that a different reading would lend if excessive formalism. See Lee v. Wisman,505 U.S. 577, 595, 112 S.Ct. 2649, 120 L.Ed.2d. 467 (1992)("Law reaches past formalism".);

United states v. Baez,349 F.3d 90, 93 (2nd Cir. 2003)("[C]ourts should not elevate legalistic formalism over sushtance".).

Our recent decision in williams permits this conclusion. There, we held taht a defendant who committed a crack cocaine offense and whose sentence was subject to a statutory minimum because of a prior drug conviction was not eligible for a new sentence under the rvised Guidelines. This obtained even though the defendant received a downward departure for substantial assistance, see U.S.S.G.§5K1.1 and 18 U.S.C. §3553(e), that fell within the crack cocaine Guideline range, because the Guidelines provision underlying the sentence ultimately imposed was not a provision affected by the subsequent amendment to the guidelines. In so holding, we emphasized that there was no evidence that the Guidelines range claculated under U.S.S.G.§2D1.1.(c)played any role in the ddistrict court's determination of his sentence, and the district court so found. Williams,2009 U.S.App. LEXIS 46, 2009 WL 32564, at *1. We went on to note that under United States v. Richardson,521 F.3d 149 (2nd Cir. 2008), when the stautory minimum is the Guideline sentence, the original crack cocaine Guidelines do not play a role in determing the extent of a subtantial assistance departure. Thus, we allowed that a defendant <553 F.3d 229>whose post-departure sentence was in fact determined by the crack cocaine guidelines might be elibible for a reduced sentence.

## CONCLUSION

We conclude taht a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by Section 2D1.1. of the Guidelines is eligible for a reduced sentence under 18 U.S.C.§3582(c)(2) and the crack amendments. Given our holding,

we decline to reach McGee's argument that a remand pursuant to <u>United States v. Regalado</u>,518 F.3d 143 (2nd Cir. 2008)is warrented. The judgment of the district court is vacated and this matter remanded to allow the district court to considered whenter McGee, who is eligible for a retroactive reduction in sentence, should receive one.

## CONCLUSION

The defendant, therefore, respectfully requests that pursuant to the standing procedural order entered by this Honorable Court, and the facts previously mentioned that this court will direct that his eligibility for a reduction of sentence, in accordance with 18 U.S.C. 3582(c)be determined by the United States Probation Department; that a revised Guideline range be calculated and an appropriate sentencing recommendation be prepared; determine whether a hearing is necessary and whether the defendant seeks to appear in person or via video conference; determine the earlies projected release date based on the low end of the advised guideline calculation; establish a briefing schedule, if necessary, determine whether a transcript of the original sentencing hearing is required and provide a copy of the defendant's plea ageement.

Respectfully Submitted,

*Carmelo Figueroa*
Carmelo Figueroa
Defendant, Pro-Se

Submitted this 2nd day
of November, 2011.

-10-

## C E R T I F I C A T E   O F   S E R V I C E

I, Carmelo Figueroa, hereby certify that I have served a true and correct copy of the following:

ADDENDUM TO COMBINED FOR A REDUCTION IN TERM OF IMPRISONMENT PURSUANT 18 U.S.C.§3582(C)(2).

which is deemed filed at the time it was delivered to prison authorities for forwarding,*Houston v. Lack, 487 U.S. 266 (1988), upon the (plaintiff/defendant) (petitioner/respondent) (appellant/appellee) and/or its attorney(s) of record by placing same in a sealed first-class postage prepaid envelope addressed to:

United States Attorney
For the District of Massachusetts
595 Main Street, Room 206
Worcester, Massachusetts 01608

and deposited into this institution internal mail system located at FCI BIG SPRING, 1900 Simler Avenue, Big Spring, Texas 79720, on this 2 th day of November, 20 11

*Carmelo Figueroa*
Carmelo Figueroa
Defendant, Pro-Se

*Pursuant to Fed.R.App.P25(a)(2)(c), "A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mail system on or before the last day for filing."

-11-