

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*       United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts  02210

December 6, 2011

Carmelo Figueroa
Inmate # 80550-038
FCI Big Springs
1900 Simler Ave.
Big Springs, TX 70720

    Re:    United States v. Carmelo Figueroa
             Criminal No. 06-40007-FDS

Dear Mr. Figueroa:

    Pursuant to this Court's Order dated October 24, 2011, allowing discovery of phone records and recordings, attached please find one hundred and ten (110) pages of phone records provided to undersigned counsel in response to that Order reflecting telephone calls you made from January 20, 2006, through July 31, 2009, which have been obtained from the Wyatt Detention Center ("Wyatt") and the Federal Bureau of Prisons ("BOP").[1]

    By way of your habeas petition, you have claimed that you instructed your attorneys, John Benzan and Matthew Smith, to appeal your plea and sentence, but that they did not do so. You were sentenced on May 1, 2007, but you contend that you (reasonably) did not discover that no appeal had been filed until August 27, 2009, more than two years later.

    By way of your discovery Motions [D.100 and 104], you sought phone records of calls made to your attorneys for the purpose of proving that you requested an appeal and for the purpose of proving that you were in ongoing telephone communication with your attorneys concerning the supposed appeal. [D. 104], p. 2. You further contend that these ongoing communications demonstrate that you were reasonably diligent in pursuing your appellate rights.

---

    [1]These records do not include the period of September 12, 2007, through September 18, 2007. During this time, you were in transit from MDC Brooklyn to FCI Oklahoma City.  Inquiry was made of the U.S. Marshals Service ("USMS") concerning the possibility of locating phone records during this period.  USMS has represented that you would not likely have had any phone privileges during transit.  In light of the representations of USMS, and in light of the fact that the records attached hereto show no calls to your attorneys for the nearly four months proceeding this one week period, and no calls to your attorneys for the following nearly six months, unless you identify a specific facility at which you claim additional attorney calls were made during this time, no further efforts will be made to locate additional phone records for this one week period.

With respect to the matters at issue, then, the phone records reflect that you made one thousand four hundred and forty four (1,444) telephone calls over the twenty six (26) month period between May 1, 2007 and July 31, 2009. Of the one thousand four hundred and forty four (1,444) calls you made over this more than two year period, only five (5) were to your attorneys (or persons who were connected to your attorneys), for a sum total of thirteen (13) minutes. Specifically, the records reflect the following calls:

| Date | Time | Number | Duration |
|---|---|---|---|
| 5/14/07 | 10:25 a.m. | (617) 427-0423[2] | 2 minutes |
| 3/13/08 | 3:20 p.m. | (401) 453-0700 | 3 minutes |
| 3/13/08 | 4:47 p.m. | (401) 272-7277 | 3 minutes |
| 3/19/08 | 9:34 a.m. | (401) 272-7277 | 2 minutes |
| 2/10/09 | 10:42 a.m. | (401) 453-0700 | 3 minutes |

According to these records, then, you made one two minute phone call on May 14, 2007, and did not thereafter contact your attorneys concerning the appeal you claim to have instructed them to file for over ten months. Then, after making three phone calls in a one week period in March 2008, comprising a sum total of eight minutes, you made no further calls to counsel for another eleven months.[3]

There are no recordings of any conversations you may have had with counsel.

Wyatt has represented that it does not record calls between inmates and counsel. And, even assuming such a recording were made, those recordings would no longer exist. Wyatt has represented that it maintains the content of recorded calls for only one year. Thus, any recordings that Wyatt may have possessed would have been routinely destroyed in July 2008 (some thirty three (33) months prior to your filing of this habeas action). It has been represented to undersigned counsel that the records provided by Wyatt include all phone numbers for calls that you made, including calls to attorneys.

---

[2]This call is identified herein for discovery purposes though it was neither to your attorney, John Benzan, nor to the number you have provided for your attorney, (617) 733-7723. In reviewing these records, undersigned counsel discovered that the above noted phone number was listed to <u>Rafael</u> Benzan. Based upon your prior filings, it is identified as potentially responsive to the discovery order. <u>See</u> Reply Memorandum of Carmelo Figueroa, [D. 99], p. 10-11 ("After [my] sentence and within of the 10 days established to appeal, [I] called in various occasions to the Office of Mr. John Benzan, to the phone number (617) 733-7723, when was incarcerated in Wyatt Detention Facility, and *who responded to [me] was the father of John Benzan, Mr. Rafael*, who speaks Spanish and your response was that the Petitioner was criminal of career and that not had anything that appeal.") (emphasis added).

[3]During the more than two year period between May 2007 through July 2009 (a period in which you contend you were reasonably diligent) there is record evidence of only one additional communication between yourself and counsel. That communication was a November 30, 2008, letter - a copy of which was included in the record of this matter by the government (not yourself). That letter inquires <u>only</u> concerning a potential motion to reduce your sentence and makes no mention or inquiry whatsoever concerning any supposed appeal. [D. 95-4], p. 10.

It has been represented to undersigned counsel that the BOP facilities at MDC Brooklyn, FCI Oklahoma City, and FCI Big Springs do not record, or maintain a log of, unmonitored calls to counsel. Thus, for unmonitored attorney calls, there is no recording of content and there is no record or log maintained.[4] Notwithstanding the foregoing, it is represented to undersigned counsel that those facilities do routinely maintain records in the usual course of their business which would reflect that an unmonitored attorney call had been made by an inmate such as yourself. In this regard, inmates must make a written request in order to be allowed an unmonitored attorney call and those written requests are routinely kept in an inmate's central file. BOP has represented that each facility searched its records for any such requests and can find no evidence that you made any unmonitored attorney calls.

Finally, assuming that any of the calls to your attorneys during this time period had been recorded, BOP represents that it maintains those recordings for only six months. Thus, any recording for the period at issue, May 2007 through July 2009, would have been routinely destroyed by BOP in, or before, January 2010 (well over a year before you filed this habeas claim). BOP nevertheless represented that each facility also checked its records and confirmed that no recording exists of any call between yourself and counsel.

---

[4] Such unmonitored calls are not common. Inmates are encouraged under BOP policies to use written communications and attorney visits to engage in privileged communications. See BOP Program Statement 5264.08, p. 11-12, Section 10 "Inmates Calls to Attorneys," available at http://www.bop.gov/DataSource/execute/dsPolicyLoc (last visited December 2, 2011). Further, even for unmonitored calls, inmates are not given free reign to dial whatever number they wish. Ordinarily, a BOP staff member will dial a number provided by an inmate, confirm that the number dialed is an attorney's office, and that staff member will then visually observe, from outside the room, the telephone call.

Thank you for your time and attention to this matter.

                                              Very truly yours,
                                              CARMEN M. ORTIZ
                                              United States Attorney

                             By:    /s/ Mark J. Grady
                                              Mark J. Grady
                                              Assistant U.S. Attorney

Enclosure
cc:     Martin Castles (w/o 110 pages of phone records)
        Clerk to the Honorable F. Denis Saylor