UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
CARMELO FIGUEROA,             )
                              )
    Petitioner                )
                              )
                              )
    v.                        )    Criminal No.
                              )    06-40007-FDS
                              )
UNITED STATES OF AMERICA,     )
                              )
    Respondent,               )
                              )
                              )
```

## MOTION FOR RECONSIDERATION

Carmelo Figueroa ("Figueroa"), the pro se petitioner in the above referenced matter moves this Court to reconsider its Order entered December 18, 2012, which denied his §2255 Motion and in support thereof states as follows:

## LEGAL STANDARD

Motions for reconsideration in §2255s are governed under Rule 59(e) of the Fed.R.Civ.P. Trenkler v. US, 530 F.3d 85, 91 (1st Cir. 2008). To prevail, movants must show a need to correct clear error or to prevent manifest injustice. Landrau-Romero v. Banco De P.R., 212 F.3d 607 (1st Cir. 2000). A Rule 59(e) motion is "appropriate where a court has misapprehended the facts, a party's position, or the controlling law", Servants of Paracleete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000), and when the movant has pointed to "controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion". Shrader v. CSX Transp, Inc., 70 F.3d 255,257 (2nd Cir. 1995).

## BACKGROUND

In his §2255, Figueroa claimed his attorneys (John Benzan "Benzan" and Matthew Smith "Smith") were ineffective in failing to appeal his conviction.  The Court found that Figueroa "has alleged conduct that, if proved true, would have presented a valid claim under the rule of Flores-Ortega".  Order (p.11), Dkt 123.  However, the Court dismissed thw §2255 as time-barred, finding that Figueroa "filed his petition after the one-year statute of limitations period had expired, and [that] he is not entitled to equitable tolling". Id.

In reaching the question of whether equitable tolling should apply, the Court assumed "that [Figueroa] did request that his attorney file an appeal... at least no later than the telephone call on May 14, 2007", and that therefore he "has shown extraordinary circumstances for purposes of equitable tolling".  Order (p.7). However, it found that Figueroa "has not demonstrated reasonable diligence [during the period he sought tolled] and therefore is not entitled to equitable tolling of the limitations period", Order (p.9), based on the following underlying findings:

> The records produced in discovery indicate that petitioner made only the one call on May 14, 2007, to attorney Benzan... He then hired new counsel, Matthew Smith with the time for an appeal still pending.  The retainer agreement says nothing about an appeal.  He made four documented calls to attorney Smith, the contents of which are at best unclear.  The record also includes two letters from petitioner to attorney Smith, one in November 2008 and one in August 2009.  Neither letter refers explicitly to an appeal, although both letters refer to petitioner's efforts through attorney Smith to have his sentence reduced pursuant to 18 U.S.C. § 3582.  These were the only documented efforts by petitioner to communicate with his attorney over the course of more than two years, during which he alleges that he believed that his case was on appeal.  There is no evidence of any misrepresentation or "lulling" by attorney Smith as to the pendence of an appeal.  Finally, and perhaps most telling, petitioner did not immediately make any attempt, by motion, § 2255 petition,

or otherwise, to file a direct appeal late when he allegedly
learned in August 2009 that no appeal had been filed.  Instead,
petitioner waited until March 2010 - more than seven months
later - before attempting to address the situation.

The court finds that the petitioner's minimal contact with
his attorney and apparent lack of initiative fell short of
reasonable diligence in pursuing his right to a direct appeal.
Even assuming that petitioner told attorney Benzan to file
an appeal on his behalf during the telephone call of May
14, 2007, the matter seems to have stopped there.  There is
nothing in the record from that point forward until March
2010 to suggest that petitioner thought an appeal was pending
or undertook any efforts to inquire as to the status of his
appeal.  During the same period, he did inquire of attorney
Smith as to the status of his motion to reduce his sentence...
Order (pgs. 8-9).

## ARGUMENT

**POINT 1** - **IT WAS CLEAR ERROR FOR THE ORDER TO FAIL TO CONSTRUE
FIGUEROA'S "MOTION TO RESUBMIT A NOTICE TO FILE OUT OF
TIME DIRECT APPEAL" AS A SECTION § 2255 MOTION FOR
PURPOSES OF TIMELINESS UNDER AEDPA**

Its is well settled that "[a] document filed pro se is to

liberally construed".  Erickson v. Pardue, 551 U.S 89, 94 (2007).

"Federal courts will sometimes ignore the legal label that a pro

se litigant attaches to a motion to recharacterize the motion in

order to place it in a different legal category" in order to

"avoid inappropriate stringent application of formal labeling

requirements, or to create a better correspondence between the

substance of a pro se motion's claim and its underlying legal basis".

Castro v. United States, 540 U.S. 375, 381-82 (2003); Haines v

Kerner, 404 U.S. 519, 520 (1972)(holding that the allegations in

a pro se complaint are "held to less stringent standards than formal

pleadings drafted by lawyers").

In Green v. United States, 260 F.3d 78, 83 (2nd Cir. 2001),

the Second Circuit held that"[w]here a motion, normally seeking

an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under Haines v Kerner to treat that motion as a substantive motion for relief under section 2255. See Fleming v. United States, 146 F. 3d 88, 90 (2nd Cir. 1998) (holding that a district court must review pro se submissions with a lenient eye, allowing boderline cases to proceed).

"Irrespective of when a prisoner files a motion for extension of time, the district court must first determine whether the motion contains allegations supporting a claim for relief under section 2255. If it does, the district court should then construe it as such, and then decide whether the motion is timely. Green v. United States, supra.

In this case, Figueroa's "Motion to Resubmit a Notice to File Out of Time Direct Appeal", filed March 12, 2010 (Dkt No 76), sought permission to file an out of time appeal based on his counsel's ineffective assistance of counsel. In that motion, Figueroa claimed that "after he was sentenced, he retained an attorney and instructed him to prosecute an appeal of the conviction and sentence. Instead, that attorney waited more than one year to take any action, and when he did, he filed a motion to reduce the sentence rather than appealing from it". See Order denying Motion (Dkt 80). Figueroa cited Flores v. Ortega, 528 U.S. 470 (2000) and Strickland v. Washington, 466 U.S. 668, (1984), and therefore he articulated a basis in fact and law for relief under section 2255.

By failing to construe Figueroa's "Motion To Resubmit A Notice To File Out Of Time Direct Appeal" as a section 2255 Motion for purposes of timeliness under the AEDPA, the Order wrongfully denied

Figueroa's equitable tolling claim. and therefore wrongfully denied him a fair hearing and access to the Court in his one and only collateral review of his conviction and sentence.

For the reasons stated supra, the Court should reconsider its Order, and find that Figueroa's claim was timely filed.

**POINT 2** - **IT WAS CLEAR ERROR FOR THE ORDER TO FIND THAT FIGUEROA'S CLAIM WAS UNTIMELY BECAUSE HE FAILED TO "IMMEDIATELY" MAKE ANY ATTEMPT TO FILE A DIRECT APPEAL LATE WHEN HE LEARNED IN AUGUST 2009 THAT NO APPEAL HAD BEEN FILED**

The Order reveals the Court placed considerable weight in its finding that "most telling [was the fact] petitioner did not immediately make any attempt, by motion, § 2255 petition, or otherwise, to file a direct appeal late when he learned in August 2009 that no appeal had been filed.  Instead, petitioner waited until March 2010 - more than seven months later  before attempting to address the situation".  Order (p.8).

Figueroa believes this conclusion rests on a mistake in law, i.e., an assumption that diligence must be shown through filing after equitable tolling has ended on a certain date and when the untolled time has not exceeded the limitations period.

While the First Circuit has not directly addressed this contention, the Second Circuit "has repeatedly stated that a party seeking equitable tolling must show diligent pursuit of his claim throughout the period he seeks to toll... [b]ut if such a showing is made [timrliness is determined] by referenced to the total untolled period without requiring a further showing of diligence through filing".  Haper v. Ercole, 648 F.3d 132, 139 (2nd Cir. 2011).  The Second Circuit explained that"

> "AEDPA's limitations period is not particularly long.  Holland v. Florida, 130 S. CT. at 2561.  Meanwhile, a petitioner

must navigate not-insignificant procedural complexities   See
Zarvela v. Artuz, 254 F.3d at 379-79.  Mistakes can be costly
given the  severe limitations that AEDPA imposes on the filing
of second or successive petitions     Id at 378; see 28 U S C.
§ 2244(b)(2)   This while equity will only rarely intervene
to toll AEDPA's limitations period  when it does  a petition
should be deemed timely if it is filed within one year of
the total untolled time .. Equitable tolling  .. simply restarts
the limitations clock where it was stopped by equity  thereby
assuring habeas petitioners  the full year allowed them by
Congress".  Harper v. Ercole  supra at 139 141.

    In this case  Figueroa contends that equity tolled the one year
limitations from May 15  2007 through August 25  2009  and that
pursuant to the correct application of law  the timeliness of his
claim depended upon it being within one year of the untolled time
after his conviction became final   On March 8  2010  approximately
two hundred and ten days after the tolled period ended  Figueroa
filed his allegations supporting a claim for relief under 2255
based on his counsel's ineffective assistance in failing to file
his appeal.  See Point 1, supra.  Because Figueroa made this filing
within one year of the total untolled time, his claim should have
been deemed timely without a further showing of diligence in the
untolled period.   Harper v. Ercole, supra.

    By requiring Petitioner to demonstrate diligence the untolled
time through filing, the Court impermissibly raised the bar on
the equitable tolling assessment above that which he was required
to meet, and thereby denied him the opportunity to have his request
for equitable tolling considered under the correct legal standard.
See e.g., United States v. Ibarra, 502 U.S. 1, 4, n.2(1991)
("principles of equitable tolling usually dictate that when a time
bar has been suspended and then begins to run again upon a later
event, the time remaining on the clock is calculated by subtacting

from the full limitations period whatever time ran before the clock was stopped"); see also Haekal v. Refco, Inc., 198 F. 3d 37, 43 (2nd Cir. 1999)("when equitable tolling is applied, the limitation period is deemed interrupted; when the tolling condition or event has ended, the claimant is allowed the remainder of the limitations period in which to file his action").

By applying an improper standard to deny Figueroa's equitable tolling arguments, the Order wrongfully denied him a fair hearing and access to the Court in his one and only collateral review of his conviction and sentence.

For the reasons stated supra, the Court should reconsider its Order, and find that Figueroa's claim was timely filed

**POINT 3** - **IT WAS CLEAR ERROR FOR THE ORDER TO FAIL TO REACH THE DISPOSITIVE QUESTION OF WHETHER ATTORNEY SMITH'S RETENTION INCLUDED FILING OF FIGUEROA'S APPEAL, AND WHETHER SMITH ENGAGED IN MISREPRESENTATION REGARDING THE APPEAL**

The Order failed to reach the dispositive question of whether Smith's retention included filing of Figueroa's appeal. and instead, found that the "retainer agreement" specifically obligates Smith to perform work on a motion to vacate plea/crack ratio, but makes no mention of a direct appeal. It is undisputed that the motion referred to was a motion to reduce Figueroa's sentence pursuant to 18 U.S.C. § 3582(c)(2).

Figueroa contends the Order's above finding is clear error for several reasons. First, contrary to Smith's contentions Figueroa and his family members all claim they retained Smith to appeal Figueroa's conviction and sentence. and that Smith led them to believe he would file such an appeal. See Declaration of Figueroa s

Family Members, filed with the 2255 see also Exhibit 1, Figueroa's
Declaration ("CF"DEC"), filed with this Motion for reconsideration.

Second, Smith was retained on May 24, 2007, within the ten
day period of time following Figueroa's sentencing. As such at
the time of his retention, Smith was ethically obligated to protect
Figueroa's interests in his right to appeal. See e.g. ABA Standards
for Criminal Justice, Standard 4-3.6 ("Many of the rights the law
guarantees to an accused person can be vindicated only by prompt
action. One of the lawyer's most significant tasks is to inform
the client of the nature extent and importance of constitutional
and legal rights and to take the procedural steps necessary to
protect them"); See also ABA Code of Prof Resp Cannons 6 &7
Duty to Act Competently and Zealously

Third a motion to Figueroa s plea could not have been brought
under 18 U.S.C. § 3582(c)(2) because that statute is "strictly
limited" and does not confer jurisdiction to provide such relief
See e.g US v Jordan 162 F 3d 1 (1st Cir 1998) As such the
Court would have had no authority to vacate Figueroa s plea under
a 3582 motion. Id.

Fourth at the time Smith was retained the US Sentencing
Commission had not even enacted the two level reduction in base
offense levels for Crack offenses. Indeed Amendment 713 was not
enacted until March 2008 nearly one year after Smith was retained
As such Smith could not have ethically accepted a retainer to
work on a "motion to vacate plea/crack ratio" under 18 U S C §
3582(c)(2). In May 2007, since that statue confers no jurisdiction
to vacate plea agreements and since the Guideline Amendment
which subsequently permitted Figueroa to motion the Court for

a reduction insentence, was not even enacted until one year after Smith's retention.   See Amendment 713.

For Smith to have entered into such an agreement with Figueroa and his family, to provide legal service which were not legally cognizable under § 3582(c)(2)  would constitute Smith engaging in conduct involving deceit and misrepresentation  making false statements of law to Figueroa and his family  and entering into an illegal contract with Figueroa and his family  See e g  Model Code of Prof. Resp  DR 1 102(A)(4) and DR 7 102(A)(2) & (5).

It is untenable to believe that Figueroa & his family would have elected to forego Figueroa s right to appeal  to instead pursue relief that was neither legally cognizable not available to him under § 3582(c)(2)  in May 2007  when they retained Smith

Under these circumstance  Figueroa submits it was clear error for the Order to fail to address the dispositive question of whether Smith's retention included filing of Figueroa s appeal  and whether Smith did in fact engage in misrepresentation regarding the pendency of the appeal  after having failed to do so  and then filing a 3582(c)(2) motion instead

Figueroa asks the Court to reconsider its denial of his 2255 and to grant him an evidentiary hearing to permit him to fully and fairly develop the true facts as to the scope of Smith s retention and the true nature and extent of Smith s misrepresentations regarding Figueroa s inquiries as to the status of his appeal

**POINT 4** -- **IT WAS CLEAR ERROR FOR THE ORDER TO FIND THAT FIGUEROA DID NOT PURSUE HIS RIGHTS DILIGENTLY THROUGHOUT THE PERIOD FROM MAY 15, 2007 THRU AUGUST 25, 2009**

On the surface the Order's decision appears just  but had

the Court conducted an evidentiary hearing or probed deeper into
Figueroa's claims, it would have learned facts warranting the opposite
conclusion.

The true circumstance of this case are such that right after
his sentencing, right after being advised by this Court of his
right to appeal, Figueroa and his family hired Smith to appeal
his conviction and sentence.  See Declaration of Figueroa's Family
Members, filed with Figueroa's 2255; see also Exhibit 1, (CF. MEM).

Smith failed to timely act to protect Figueroa's right to
appeal, and upon forfeiting that right by failing to timely file
a notice of appeal, and failing to timely pursue the appeal, Smith
focused solely on pursuing alternative forms of relief; e.g. a
motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).
Id.

Figuerora is an immigrant, who came to this Country from the
Dominican Republic in 1994.  Id.  He has an 8th grade education,
speaks no English, and has no requisite understanding of the law.
Id.

After his sentencing he did not understand his right, but
did wish to protect them, and as such, convinced his family to
retain an attorney, Smith, to pursue the relief which this Court
told him at sentencing, was available to him as a right.  Id.

Smith led Figueroa and his family to believe he would file
a direct appeal.  Id.  They had no reason to suspect that Smith
would forfeit Figueroa's right to appeal, or that upon doing so,
he would pursue other, more limited avenues for relief under a
3582(c)(2) motion.  Id.

Because of Figueroa's limited education, lack of familiarity
with the statutory federal criminal code, and total lack of

comprehension and fluency in the English language he had no idea
that he has statutory vehicles were available to him for direct
appeals. Id.

As such, when Smith changed course and elected to pursue a
3582(c)(2) motion instead, Figueroa had no idea the 3582(c)(2)
motion was not a direct appeal. Id. For this reason, Figueroa
simply referred to the 3582(c)(2) motion in his letters to Smith
under the belief that the 3582 vehicle was his direct appeal. Id.

It was only in April 2009, when a fellow inmate advised Figueroa
that a 3582 was not a direct appeal, then Figueroa had realized
that Smith had pulled a "bait-and-switch" substituting the 3582
for his direct appeal. Id.

During the time period of May 14, 2007 thru August 2009, Figueroa
called Smith substantially more times than 4 instances identified
in the record produced by the BOP. Id. This is because the BOP
records only identify the times when Smith accepted Figueroa's
calls, not the number of time Figueroa attempted the call only
to have Smith's office not accept. Id.

It total, Figueroa estimates that he called Smith no less
than 30 to 40 times during this period and it was only on four
occasions that Smith's office followed the BOP automated directions
and accepted his call. Id.

Under these circumstances, Figueroa submits it was clear error
for the Court to find he did not pursue his rights diligently
throughout the period from May 2007 thru August 25, 2009 and asks
the Court to reconsider it's Order which denied him equitable tolling
on his 2255.

**POINT 5** - **RECONSIDERATION IS NECESSARY TO PREVENT MANIFEST INJUSTICE**

Defendants have a right to one "full and fair opportunity
to wage a collateral attack". US v Barrett, 178 F.3d 34, 44 (1st
Cir. 1999). This opportunity has been held to include an entitlement
to "careful consideration and plenary processing of their habeas
claims, including full presentation of the relevant facts". Harris
v. Nelson, 394 US 286 (1969), and to "a meaningful opportunity
to demonstrate he is being held pursuant to an erroneous application
or interpretation of relevant law". Boumediene v Bush, 171 L.Ed.2d
41 (2007).

"Parties whose rights are to be affected to be heard". Fuentes
v. Shevin, 407 US 67 80 81 (1971). The opportunity to be heard
must be at a "meaningful time and in a meaningful manner". Mathews
v. Eldridge, 424 US 319, 333 (1976), and "Tailored to their capacities
and circumstances of those whose are to be heard". Goldberg v
Kelly, 397 US 254, 268-69 (1970).

In determining whether to grant Figueroa s instant request
for reconsideration Figueroa asks this Court to consider that
he is a pro se, indigent, prisoner, with an 8th grade education
no comprehension of the English language. nor requisite understanding
of the law.

He asks this Court to consider the "extra protections normally
afforded to pro se litigants". Us v Hung Thein Ly 646 F 3d 1307
1316 (11th Cir. 2011), which imports "an obligation on the part
of the court to make reasonable allowances to protect pro se litigants
from inadvertent forfeiture of important rights because of their
lack of legal training". Id. "These principles show that a district
court can and sometimes must aid an ignorant pro se defendant" Id

Figueroa and his family retained Smith to file Figueroa's direct appeal. CF.MEM. Smith led them to believe he would. Id. They had no reason to suspect that Smith would not file the appeal. Id. During the time Smith was employed in this case, Figueroa called him 30-40 times, despite only getting through on four. Id. Smith led Figueroa to believe that a 3582 motion was his direct appeal. Id. Figueroa wrote to Smith to and referred to the 3582 believing that was his direct appeal. Id. It was only in April 2009, when a fellow inmate advised Figueroa that a 3582(c)(2) motion is not a direct appeal, that Figueroa came to learn that Smith had misled him. Id. At that point, Figueroa obtained assistance from other inmates, and on March 12, 2010, filed a motion seeking permission to file an out of time appeal. Id. In that motion Figueroa claimed he was entitled to the requested relief based on Smith's ineffective assistance of counsel   Id   That motion was filed within one year time of his first being advised that Smith had not filed his appeal   Id.

Under these circumstances  Figueroa contends that reconsideration is needed to prevent manifest injustice  namely  the wrongful denial of his 2255 motion  his one and only opportunity to wage a collateral attack of his conviction and sentence

## CONCLUSION

WHEREFORE  for good cause been shown  Defendant prays the requested relief. and any other relief that may be deemed just and fair

Dated.  January 15. 2013                By  Carmelo F. Cubra

                                        Carmelo Figueroa
                                        #80550 038
                                        Federal Correction Institution
                                        1900 Simler Avenue
                                        Big Spring  TX   79720

## VERIFICATION

I, Carmelo Figueroa, hereby declare under penalty of perjury
to 28 U.S.C. § 1746. that the foregoing assertions are true and
correct to the best of my knowledge and belief.

By *Carmelo Figueroa*
      Carmelo Figueroa