# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **CARMELO FIGUEROA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **06-40007-FDS** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

_____)


## MEMORANDUM AND ORDER ON MOTION FOR
## PLAIN ERROR REVIEW PURSUANT TO FED. R. CIV. P. 52(b)

**SAYLOR, J.**

### I.   Background

Petitioner Carmelo Figueroa pleaded guilty in August 2006 to various drug charges and was sentenced to a term of imprisonment on May 1, 2007.  No appeal was filed.  On February 25, 2011, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and on December 18, 2012, this Court denied the motion as time-barred.  On January 22, 2013, he moved for reconsideration of the denial of the § 2255 petition, which the Court denied on August 2, 2013.  He then sought a certificate of appealability, which the Court granted on September 23, 2013.  On July 24, 2014, the First Circuit affirmed the Court's dismissal of his habeas petition as time-barred.

On December 5, 2014, Figueroa filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The Court denied that motion on October 14, 2015, finding him ineligible for a sentence reduction under that statute.

1

On September 26, 2018, Figueroa wrote a letter to the Court alleging that he filed a notice of appeal with the Court in 2007 that was never docketed. He then filed a notice of appeal with the First Circuit. On January 24, 2019, the First Circuit dismissed his appeal, noting that the notice of appeal was "fatally untimely." On February 11, 2019, he sought re-hearing and *en banc* review of that decision. In March 2019, the First Circuit denied re-hearing and *en banc* review, and terminated his appeal.

Meanwhile, on February 10, 2019, Figueroa filed the present motion seeking "plain error review" in this Court pursuant to Fed. R. Civ. P. 52(b). He now contends that he was not properly classified as a career offender at the time of his sentencing.

## II.     Analysis

The Court agrees with the government that the motion states no basis for relief. Rule 52(b) provides as follows: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). That rule is not a basis for jurisdiction, nor is it a basis for a cause of action that would allow this Court to revisit a conviction or sentence that is now more than a decade old.

To the extent the motion is construed as a petition for habeas corpus under 28 U.S.C. § 2255, the motion is untimely, as it was filed well beyond the one-year statute of limitations period or any exception that might apply. *See* 18 U.S.C. § 2255(f); *Trenkler v. United States*, 536 F.3d 85, 97-98 (1st Cir. 2008) (finding that trial court should have "recharacterized the petition as a section 2255 petition and proceeded accordingly" where "[a] close analysis of the substance of the petition" left "no doubt" that, "regardless of its label, the petition falls within the

compass of section 2255. On its face, the petition is brought on behalf of a federal prisoner still in custody and challenges his sentence as unauthorized under the statutes of conviction. This is a classic habeas corpus scenario, squarely within the heartland carved out by Congress in section 2255.").

Moreover, Figueroa has already filed a motion under 28 U.S.C. §2255, and therefore this Court is without jurisdiction over this successive petition "unless and until the court of appeals has decreed that it may go forward," which the First Circuit has not. *See id.* at 96.

Finally, the underlying claim that he was not properly classified as a career offender at the time of his sentencing, appears to procedurally defaulted, as it was not raised at trial or on direct appeal. *See Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011).

**III.** **Conclusion**

For the foregoing reasons, the motion of petitioner Carmelo Figueroa for plain error review pursuant to Fed. R. Civ. P. 52(b) is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: April 12, 2019                    United States District Judge